Dear Mr. Forestiar:
By your most recent letter to our office you have sought an opinion from us on the issue of whether a deputy sheriff who is employed full or part-time may own or partly own stock in a security guard service.
Though the State Ethics Commission informs us that they have no opinions on record with regard to the issue which you have raised, we are obliged to indicate that after a thorough review of the most relevant legislation we find Louisiana Revised Statute 14:140 to be entirely controlling of the issue you raise. This statute indicates that a full or part-time deputy sheriff may not own or partly own stock in a security guard service or any other business which performs any services of a law enforcement nature.
 Specifically Title 14:140 of the Revised Statutes provides:
"Public contract fraud is committed:
 (1) When any public officer or public employee shall use his power or position as such officer or employee to secure any expenditure of public funds to himself, or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder or director, or . . .
 (3) When any sheriff or deputy sheriff charged with the duties of enforcing the laws of this state or any political subdivision thereof shall enter into a contract, either written or oral, individually or as a member or stockholder of any partnership, company or corporation, with any such person whereby such sheriff or deputy sheriff or partnership, company or corporation of which he is a member or stockholder is to perform any services of a law enforcement nature.
 The fact that an expenditure has been made to any party named . . . or to any partnership of which he is a member, or to any corporation of which he is an officer, stockholder or director, shall be presumptive evidence that such person has used his power, position or influence to secure such expenditure. Whoever commits the crime of public contract fraud shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than 2 years, or both."
This office is of the further opinion that the operation of any such business which would either encourage or permit such extra-employmental involvement by deputies would be in violation of the Legislature's expressed intent to prohibit both public contract fraud and illegal influence by public officers and sheriff's deputies.
If we can be of any further assistance to you, please do not hesitate to call upon us.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ KENNETH C. DEJEAN Assistant Attorney General
KCD: ec